THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff and all others similarly situate and the putative classes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRIS DOWNING, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>GENX MINING CONTRACTORS, LLC; NEVADA GOLD MINES LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br>2) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br>3) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br>4) Injunctive Relief.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMES NOW Plaintiff CHRIS DOWNING ("Plaintiff"), on behalf of himself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief, except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2. This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000, (ii) there are more than 100 state law class members, and (iii) at least one state law class member is diverse from Defendant.

3. This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for compensable work performed yet unpaid) and there is no conflict between the procedures applicable to the FLSA and state law claims. *See Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

4. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statutes ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist. Court of Nev.,, Terrible Herbst, Inc.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 WL 2306318, at *1 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held,

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

by necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.”).

5. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district, and many of the acts complained of herein occurred in Elko County, Nevada, which is located within this district.

## PARTIES

6. Plaintiff CHRIS DOWNING is a natural person and a current resident of the state of Nevada.

7. Defendant GENX MINING CONTRACTORS, LLC (“GENX” or “Defendant”) is a domestic Nevada-based limited-liability company with its registered agent of McConnell Law Office, PC, located at 950 Idaho Street, Elko, Nevada 89801.

8. Defendant NEVADA GOLD MINES LLC (“NGM” or “Defendant”) is a foreign limited-liability company that is domiciled in the state of Nevada but incorporated in the state of Delaware. NGM maintains CT Corporation System as its registered agent in the state of Nevada, found at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

9. Collectively, Defendant GENX and Defendant NGM are referred to throughout this Complaint as “Defendants.”

10. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein, and any reference to “Defendant,” “Defendants,” herein shall mean “Defendants and each of them.”

## FACTUAL ALLEGATIONS

### A. Defendants

11. Defendant GENX is an underground mining contractor. According to its website, GENX “is an underground mining contractor with a primary focus on development mining and rehab. Our expertise extends to rehabilitation, development, narrow vein, raise mining, and contract labor for various underground mining operations.”

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

*See* https://www.genxminingcontractors.com/ (last visited Mar. 19, 2026).

12. Defendant NGM operates the gold-producing mine complex in the Elko, Nevada area. Defendant NGM is a joint venture between Barrick Gold and Newmont Corporation.

**B. Joint Employment of Defendant GENX and NGM**

13. Defendant NGM contracts with Defendant GENX to provide mining labor at its mine locations in the state of Nevada.

14. Defendant NGM is a joint employer of Defendant GENX's direct hires.

15. Defendant NGM's agents and employees supervise Defendant GENX's direct hires at the mine.

16. Defendant NGM's agents and employees lead daily safety meetings for Defendant GENX's direct hires.

17. Defendant NGM's agents and employees have direct supervisory control over Defendant GENX's direct hires while they are working underground in the mine.

18. Defendant GENX's direct hires travel inside and out of the mine on equipment owned and maintained by Defendant NGM.

19. Defendant GENX's direct hires use equipment in the course of their work that is owned and maintained by Defendant NGM.

**C. Plaintiff and all other Miners employed by Defendants**

20. Plaintiff was employed by Defendants as an underground miner ("Miner") at the Nevada Gold Mine complex from on or about July 22, 2025, to on or about November 27, 2025.

21. During his employment, Plaintiff was compensated at a base hourly rate of $40.00 per hour and a base overtime rate of $60.00 per hour.

22. Like all Miners Plaintiff worked on a rotating schedule of 7 days on and 7 days off.

23. During the "on" periods, Plaintiff worked 12-hour shifts each day.

24. Defendants' established workweek is Wednesday through Tuesday, as set forth in the handbook of employment:

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**Work Schedules, Pay Periods & Time Keeping**

Supervisors will advise employees of the specific times their schedules will normally begin and end. Staffing needs and operational demands for some positions may necessitate variations in starting and ending times, as well as variations in the total hours that may be scheduled each day and week. All employees must be at their desks or jobsites at the start of their scheduled shifts, ready to perform their work. Failure to do so may result in disciplinary action including termination.

Payroll periods are bi-weekly. The payroll period begins on Monday and concludes on Saturday. The work week is Wednesday-Tuesday, 7 days on and 7 days off.

25. Even though Defendants defined the workweek as being from Wednesday to Tuesday, Defendants maintained a bi-weekly payroll.

26. Like all Miners, Plaintiff worked 84 hours per workweek, as defined by Defendants.

27. Under the Fair Labor Standards Act (FLSA) and Nevada wage-hour law, Plaintiff and all other similarly situated individuals are entitled to overtime compensation at a rate of 1.5 times their regular hourly rate for all hours worked in excess of 40 hours per workweek.

28. Plaintiff's overtime rate was $60 per hour.

29. For each 84-hour workweek, Plaintiff was entitled to overtime compensation for 44 hours.

30. Despite working 84 hours per workweek, Plaintiff was not compensated for all overtime hours owed.

31. For example, during the pay period from September 7, 2025, to September 20, 2025, Plaintiff worked seven (7) consecutive twelve (12) hour shifts during one of the workweeks (as defined by Defendants) covered during the pay period. In sum, Plaintiff worked 84 hours during this workweek. Despite having worked 84 hours during this workweek and, therefore, being owed 44 hours in overtime, Defendant only compensated Plaintiff for 8 hours of overtime. Plaintiff is thus owed 36 hours of overtime, which equates to Plaintiff being owed an additional $720.00 in unpaid overtime for this pay period (which does not include liquidated damages). Attached hereto as Exhibit A is a true and correct copy of that pay period demonstrating the overtime that was paid to Plaintiff and the overtime that is owed.

32. Defendants' failure to compensate Plaintiff for overtime pay for all the overtime hours that are worked for the workweek that has been defined by Defendants is not unique to

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

Plaintiff. Indeed, all other similarly situated individuals are subject to the same unlawful overtime pay practices.

33. In addition to not being compensated overtime compensation for all overtime hours that were worked in a workweek, Defendants also maintained a policy whereby Plaintiff and all other similarly situated employees would only receive regular straight time wages for training time hours, even though Plaintiff and all other similarly situated employees always worked overtime hours:

> **Training Pay**
> All sites training and MSHA training that you must do while you are employed with GENX will be paid at your Regular wage rates, NOT OVERTIME..

34. Based on this policy, Defendants failed to properly compensate Plaintiff and all other similarly situated employees overtime pay for training time hours worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

35. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. Plaintiff brings this action on behalf of himself and all other similarly situated and typical employees as both a collective action under the FLSA and a class action under Nevada state wage-hour laws.

### FLSA Class

37. Plaintiff brings this action on behalf of himself and the following **FLSA Class** of similarly situated individuals employed by Defendants:

A. **FLSA Class:** All non-exempt hourly paid employees who worked over 40 hours in a workweek and who have been employed by Defendant in the state of Nevada at any time during the relevant time period alleged herein.

38. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

A. Defendants employed Plaintiff and all proposed similarly situated employees but failed to pay overtime pay when they worked over 40 hours in a workweek.

B. Plaintiff's situation is similar to those he seeks to represent because Defendants failed to pay Plaintiff and all other FLSA Collective Action Members overtime when they worked over 40 hours in a workweek.

C. Common questions exist as to whether Plaintiff and all other FLSA Collective Action Members were correctly paid overtime compensation pursuant to the FLSA

D. Upon information and belief, Defendants employ, and have employed, in excess of 100 FLSA Collective Action Members within the applicable statute of limitations.

E. Plaintiff has signed a Consent to Sue form, attached hereto as Exhibit B.

## <u>Nevada Classes</u>

39. Plaintiff brings this action on behalf of himself and the following **Nevada Class and Subclass** of similarly situated individuals employed by Defendants:

> A. **Nevada Class:** All non-union non-exempt hourly paid employees who worked over 40 hours in a workweek and who have been employed by Defendant in the state of Nevada at any time during the relevant time period alleged herein.
>
> 1. **Continuation Wage Subclass:** All members of the Nevada Class who are former employees.

40. Class treatment is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 100 Class Members within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Class as well as their numerosity.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

B. Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and Nevada Class Members, including, without limitation, (1) Whether Defendant failed to compensate Plaintiff and Nevada Class Members overtime pay when they worked over 40 hours in a workweek; and (2) Whether Continuation Wage Subclass Members may recover continuation wages as a result of being deprived their overtime compensation at the time of separation from employment with Defendant.

C. Plaintiff's Claims are Typical to Those of Fellow Class Members: Defendants intentionally and willfully failed to pay Plaintiff and all Nevada Class Members overtime compensation when they worked over 40 hours in a workweek. Plaintiff's claims for compensation resulting from Defendants' common employment policy are typical of those of his fellow Nevada Class Members.

D. Plaintiff is an Adequate Representative of the Class: Plaintiff will fairly and adequately represent the interests of Nevada Class Members because Plaintiff is a member of the Nevada Class, he has common issues of law and fact with all members of the Nevada Class, and his claims are typical of other Nevada Class Members.

E. A Class Action is Superior/Common Claims Predominate: A class action is superior to other available means for the fair and efficient adjudication of this controversy, because individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Nevada Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

## <u>FIRST CAUSE OF ACTION</u>

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207** (On Behalf of Plaintiff and FLSA Collective Action Members Against Defendants)

41. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

42. 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

43. Defendants intentionally, willfully, and knowingly failed to compensate Plaintiff and all FLSA Collective Action Members overtime compensation when they worked over 40 hours in a workweek.

44. Plaintiff and FLSA Collective Action Members are owed overtime wages for all the hours that were worked in excess of forty (40) hours in a workweek during the relevant time period alleged herein.

45. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and FLSA Collective Action Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## <u>SECOND CAUSE OF ACTION</u>

**Failure to Pay Overtime Wages in Violation of Nevada Statute, NRS 608.018** (On Behalf of Plaintiff and Nevada Class Members Against Defendants)

46. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

47. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

48. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

49. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

50. Defendant intentionally, willfully, and knowingly failed to compensate Plaintiff and all Nevada Class Members overtime compensation when they worked over 40 hours in a workweek.

51. Plaintiff and Nevada Class Members are owed overtime wages for all the hours they worked in excess of forty (40) hours in a workweek during the relevant time period alleged herein.

52. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and Nevada Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## <u>THIRD CAUSE OF ACTION</u>

**Failure to Timely Pay All Wages Due and Owing Under Nevada Statutes, NRS 608.020-.050** (On Behalf of Plaintiff and Continuation Wage Subclass Members Against Defendants)

53. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

54. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

55. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

56. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

57. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

58. By failing to pay members of the Continuation Wage Subclass their overtime wages at the time of separation of employment with Defendants, Defendants have failed to timely remit all wages due and owing to members of the Continuation Wage Subclass.

59. Despite demand, Defendants willfully refuse and continue to refuse to pay all members of the Continuation Wage Subclass.

60. Wherefore, Plaintiff demands 30 days' wages under NRS 608.140 and 608.040, and an additional 30 days' wages under NRS 608.140 and 608.050, for all members of the Nevada Continuation Wage Subclass, together with attorneys' fees, costs, and interest as provided by law.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

Wherefore Plaintiff, individually and on behalf of all Class Members and all others similarly situated, prays for relief as follows relating to his collective and class action allegations:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Collective Action Members so they may participate in the lawsuit;
2. For an order certifying this action as a class action on behalf of the proposed Class and Subclass;
3. For an order appointing Plaintiff as the Representative of the FLSA Collective Action, Nevada Class, and Continuation Wage Subclass, and his counsel as Class Counsel;
4. For damages according to proof for overtime compensation for all overtime hours worked under both federal and state law;
5. For liquidated damages;
6. For 60-days of continuation wages;
7. For interest as provided by law at the maximum legal rate;
8. For reasonable attorneys' fees authorized by statute;
9. For costs of suit incurred herein;
10. For pre-judgment and post-judgment interest, as provided by law;
11. For injunctive relief; and
12. For such other and further relief as the Court may deem just and proper.

DATED: April 14, 2026

THIERMAN BUCK

*/s/Joshua D. Buck*
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff and all others similarly situate and the putative classes*